1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRAMER, | Case No. 1:23-cv-01712 KES EPG (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S IFP STATUS BE REVOKED AND THAT PLAINTIFF BE REQUIRED TO PAY THE FILING FEE IN FULL IF HE WANTS TO PROCEED WITH THIS ACTION |
| v. | |
| JEFF MACOMBER, *et al.*, | |
| Defendants. | (ECF Nos. 2, 7) |
| | OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff James Cramer is incarcerated at California Substance Abuse Treatment Facility (CSATF) and is proceeding *pro se* in this action filed on December 13, 2023. (ECF No. 1). The Court screened the complaint, found that it stated no cognizable claims, and gave Plaintiff leave to amend on July 15, 2024. (ECF No. 10). Plaintiff filed a First Amended Complaint on September 9, 2024. (ECF No. 13).

Along with his complaint, Plaintiff also filed an application to proceed *in forma pauperis* (IFP) in this action (ECF No. 2), which the Court granted on December 28, 2023 (ECF No. 7).

Because the Court concludes that Plaintiff had at least three "strikes" prior to filing this action and because he was not in imminent danger of serious physical injury at the time he filed it, the Court finds that Plaintiff's motion to proceed *in forma pauperis* was improvidently granted, and recommends that Plaintiff's IFP status be revoked and Plaintiff be required to pay the $405 filing fee in full if he wants to continue to proceed with the action.

1

1    **I.        IFP STATUS**

2        "IFP status is not a constitutional right." *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir.

3    1999); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed *in forma pauperis* is a

4    privilege not a right."). The grant or refusal of permission to proceed *in forma pauperis* is left to

5    the sound discretion of the district court. *Smart*, 347 F.2d 114, 116 (9th Cir. 1963) (citing *Weller*

6    *v. Dickson*, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is

7    especially broad in civil actions by prisoners against their wardens and other officials. *Smart*, 347

8    F.2d at 116 (footnote citation omitted); *Shobe v. People of State of California*, 362 F.2d 545, 546

9    (9th Cir. 1966) (citing *Smart*).

10        An inmate's *in forma pauperis* status may be revoked at any time if the court, either *sua*

11    *sponte* or on a motion, determines that the status was improvidently granted. *Spencer v. Milan*,

12    No. 1:20-CV-00682 JLT GSA PC, 2024 WL 201135, at *1 (E.D. Cal. Jan. 17, 2024) (citing

13    *Keeton v. Marshall*, No. CV 17–01213 FMO, 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018);

14    *Owens v. Matthews*, No. CV 16–07755 JFW, 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017));

15    *Wright v. Rodriguez*, No. 1:23-CV-01586 GSA (PC), 2024 WL 4973213, at *1 (E.D. Cal. Sept.

16    30, 2024), *report and recommendation adopted,* No. 1:23-CV-01586 JLT GSA (PC), 2024 WL

17    4892026 (E.D. Cal. Nov. 26, 2024) (sua sponte recommending that plaintiff's IFP status be

18    revoked).

    **II.       THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

19        Pertinent here is the "three strikes provision" of 28 U.S.C. § 1915:

20            In no event shall a prisoner bring a civil action . . . under this
            section if the prisoner has, on 3 or more prior occasions, while
21            incarcerated or detained in any facility, brought an action or appeal
            in a court of the United States that was dismissed on the grounds
22            that it is frivolous, malicious, or fails to state a claim upon which
            relief may be granted, unless the prisoner is under imminent danger
23            of serious physical injury.

24    28 U.S.C. § 1915(g). In determining whether a dismissal counts as a "strike" under § 1915(g),

25    "the reviewing court looks to the dismissing court's action and the reasons underlying it. . . . This

26    means that the procedural mechanism or Rule by which the dismissal is accomplished, while

27    informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal

28    citation omitted). The Ninth Circuit has "interpreted the final form of dismissal under the statute,

1
2
‘fail[ure] to state a claim upon which relief may be granted,’ to be essentially synonymous with a Federal Rule of Civil Procedure 12(b)(6) dismissal." *Id.* (alteration in original).

3
4
5
6
7
8
9
10
Section 1915(g) also applies to dismissals of actions mislabeled as habeas petitions, when in fact, the so-called habeas petition is in fact a 42 U.S.C. § 1983 complaint. *El-Shaddai v. Zamora*, 833 F.3d 1036, 1047 (9th Cir. 2016) (citing *Andrews v. King*, 398 F.3d 1113, 1122–23 & n.12 (9th Cir. 2005)). The Ninth Circuit has "recognized that some habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g)." *Id.* (internal quotation marks omitted). In those cases, the Ninth Circuit has held that "it would be proper for the district court to determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g)." *Id.*

11
12
13
14
15
16
In addition, "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *see also O'Neal v. Price*, 531 F.3d 1146, 1156 (9th Cir. 2008) (dismissal for failure to state a claim and another ground counts as a strike when it is clear from the court's reasoning that it considers failure to state a claim to be a fully sufficient condition to dismiss the action).

17
## III.    ANALYSIS

18
### A.    Strikes

19
20
The Court takes judicial notice[1] of the following cases filed by Plaintiff and dismissed prior to commencing this action:

21
22
23
    (1) *Cramer v. Wooford et al.*, 3:04-cv-04707-MMC (N.D. Cal. Jan. 19, 2006) (dismissed for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim);

24
25
26
    (2) *Cramer v. Neuschmid et al.*, 5:20-cv-00896-EJD (N.D. Cal. Apr. 11, 2020) (dismissed for failure to file an amended complaint following a screening order dismissing complaint for failure to state a claim);

27
28
---
[1] "In particular, a court may take judicial notice of its own records in other cases . . . ." *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1        (3) *Cramer v. Ducart, et al.*, 4:17-cv-01034-JST (N.D. Cal. Apr. 28, 2017) (habeas

2            petition dismissed as a mislabeled § 1983 action).

3        (4) *Cramer v. Frauenheim*, 4:17-cv-02997-JST (N.D. Cal. July 11, 2017) (habeas petition

4            dismissed as a mislabeled § 1983 action).

5        With respect to *Ducart* and *Frauenheim*—the two habeas petitions dismissed as

6   mislabeled § 1983 actions—the Court makes the following additional findings.

7        In *Ducart*, Plaintiff filed a habeas petition on February 28, 2017. Petition, ECF No. 1,

8   *Ducart*, 4:17-cv-01034-JST (N.D. Cal. Feb. 28, 2017). He alleged that, because his legal

9   materials "from active state appeal no. H034348/Case No. 21208" were seized and confiscated,

10  he was deprived of access to courts and denied "his right to speak freely and petition the

11  government." *Id.* at 6. In its order dismissing the petition, the *Ducart* court explained that

12  Plaintiff's allegations challenged conditions of Plaintiff's confinement rather than "the lawfulness

13  or duration of petitioner's incarceration." *See* Order of Dismissal, ECF No. 7 at 1, *Ducart*, 4:17-

14  cv-01034-JST (N.D. Cal. Apr. 28, 2017). The *Ducart* court concluded that Plaintiff's "claim is

15  not the proper subject of a habeas action, but must be brought as a civil rights case under 42

16  U.S.C. § 1983" and dismissed Plaintiff's petition on April 28, 2017. *Id.*

17       Less than a month later, Plaintiff filed a habeas petition in the same court, again alleging

18  that his legal documents "from active case no. H034348/211208" were seized. Petition, ECF No.

19  1 at 6, *Frauenheim*, 4:17-cv-02997-JST (N.D. Cal. May 24, 2017). The district court again

20  dismissed the petition because Plaintiff did not challenge the lawfulness or duration of his

21  incarceration and, instead, challenged his conditions of his confinement. *See* Order of Dismissal,

22  ECF No. 9 at 1, Case No. 4:17-cv-02997-JST, *Frauenheim*. Thus, as in *Ducart*, the *Frauenheim*

23  court concluded that Plaintiff's "claim is not the proper subject of a habeas action, but must be

24  brought as a civil rights case under 42 U.S.C. § 1983." *Id.*

25       As noted by the Ninth Circuit in *El-Shaddai*, where a Section 1983 action is mislabeled as

26  a habeas petition to avoid Section 1915(g)'s penalties, the district court may "'determine that the

27  dismissal of the habeas petition does in fact count as a strike.'" 833 F.3d at 1047 (quoting

28  *Andrews*, 398 F.3d at 1122 n.12)). The court reasoned that as "recognized in *Andrews*, [courts]

4

1    should look to the substance of the dismissed lawsuit in order to determine whether it can be

2    counted as a 'strike.'" *Id.* at 1047.

3         The substance of Plaintiff's habeas corpus petitions in *Ducart* and *Frauenheim* challenged

4    only conditions of confinement, a quintessential Section 1983 claim, rather than the validity or

5    duration of his confinement. A habeas corpus petition is limited to challenges to the validity or

6    duration of a prisoner's confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489–98 (1973); *see*

7    *also Ramirez v. Galaza*, 334 F.3d 850 859 (9th Cir. 2003). Conversely, "a § 1983 action is the

8    exclusive vehicle for claims brought by state prisoners that are not within the core of habeas

9    corpus." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Accordingly, this Court agrees

10   with the *Ducart* and *Frauenheim* courts that Plaintiff's habeas petitions were mislabeled Section

     1983 actions.

11
         Even if the dismissal of the first habeas petition in *Ducart* were not counted as a strike,
12
     because Plaintiff may not have understood the distinction between habeas petitions and Section
13
     1983 cases at that time, the second dismissal in *Frauenheim* should still count as a strike because
14
     Plaintiff clearly understood the distinction by then.  In the first *Ducart* dismissal order, the court
15
     explained that a habeas corpus petition was not the proper vehicle for pursuing such claims and
16
     that plaintiff should proceed with a Section 1983 civil rights action. The court specifically
17
     highlighted the difference in costs of litigation: "the filing fee for a habeas petition is five dollars;
18
     for civil rights cases, however, the fee is now $400 ($350 if IFP status is granted) and under the
19
     Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma
20
     pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C.
21
     § 1915(b)." *Id.*  Finally, the *Ducart* court highlighted the difference in treatment of dismissed
22
     actions, stating "a civil rights complaint which is dismissed as malicious, frivolous, or for failure
23
     to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas
24
     cases." *Id.* at 1–2.

25       Notwithstanding the *Ducart* courts instructions, Plaintiff then proceeded to file the habeas

26   petition in *Frauenheim* less than a month later, asserting substantially similar allegations as the

27   previously dismissed petition.  Therefore, at the time he filed the *Frauenheim* petition, Plaintiff

28   knew the difference between a habeas petition and a Section 1983 action. Despite having this

1  information, Plaintiff again filed a habeas corpus petition challenging the conditions of his

2  confinement—including nearly identical allegations regarding seizure of his state appeal

3  documents—instead of pursuing the action under Section 1983.

4      Under Ninth Circuit authority, such an intentionally mislabeled habeas petition qualifies

5  as a strike under the PLRA. *El-Shaddai*, 833 F.3d at 1047; *Andrews*, 398 F.3d at 1122 n.12; *see*

6  *also Heilman v. Deillen*, No. CV 14-6298 JVS (FFM), 2017 WL 10591881, at *7 (C.D. Cal. Sept.

7  18, 2017) (finding that dismissal of habeas petition counted as a strike where petition asserted a

8  quintessential 1983 claim, Plaintiff's previous habeas petitions had been dismissed, and "plaintiff

9  was specifically advised that his habeas petition was denied because it did not challenge the

10  legality or duration of his confinement"); *report and recommendation adopted sub nom. Heilman*

11  *v. Dillen*, No. CV 14-6298 JVS (FFM), 2017 WL 10591880 (C.D. Cal. Nov. 17, 2017).

### B.    Imminent Danger

12  Because Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is

13  precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was

14  filed, in imminent danger of serious physical injury. The availability of the imminent danger

15  exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at

16  some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).

17  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative

18  or hypothetical." *Blackman v. Mjening*, No. 1:16-CV-01421-LJO-GSA (PC), 2016 WL 5815905,

19  at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide

20  "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct

21  evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton,* 319 F.3d 1048,

22  1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are

23  insufficient. *White v. Colorado,* 157 F.3d 1226, 1231–32 (10th Cir. 1998). The "imminent

24  danger" exception is available "for genuine emergencies," where "time is pressing" and "a

25  threat . . . is real and proximate." *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002).

26  Additionally, there is a nexus requirement between the danger alleged and the claims

27  asserted: "Thus, in order to qualify for the § 1915(g) imminent danger exception, a three-strikes

28  prisoner must allege imminent danger of serious physical injury that is both fairly traceable to

1    unlawful conduct alleged in his complaint and redressable by the court." *Ray v. Lara*, 31 F.4th

2    692, 701 (9th Cir. 2022). Because Plaintiff is *pro se*, in making the imminent danger

3    determination, the Court must liberally construe Plaintiff's allegations. *Andrews*, 493 F.3d at

4    1055.

5         Plaintiff's complaint, which initiated this case in December of 2023, alleges that prison

6    officials and staff violated his constitutional rights by temporarily imposing restrictions on certain

7    Security Threat Groups following a fight between Fresno Bulldog members and general

8    population prisoners at CSATF in November of 2022. (*See generally* ECF No. 1). Plaintiff also

9    alleges that he was denied certain privileges, including yard access, packages, phone calls,

10   canteen, visiting, and certain educational and vocational programs between December 1, 2022

11   and January 27, 2023. Plaintiff alleges that fights in November 2022 and in January 2023 were

     orchestrated by staff.

12        Such allegations are insufficient to show that there is a real and imminent threat to

13   Plaintiff's personal safety under the standards described above. As the Court previously explained

14   in its order screening Plaintiff's original complaint, "Plaintiff does not allege that he was

15   personally at risk of harm or suffered any injuries during either incident"—rather, his claim of

16   injuries are limited to the allegations "that the defendants have caused 'psychological and

17   emotional trauma.'" (ECF No. 10 at 5, 15, 17). Moreover, the events at issue in this case occurred

18   in December of 2022, and Plaintiff did not file his complaint until a year later, in December of

19   2023, without identifying a new or ongoing risk of injury.

20        Therefore, the Court finds that Plaintiff has failed to demonstrate that he was in imminent

21   danger of physical injury when he filed the complaint. *See Driver v. Pohovich*, No. 2:22-CV-1672

22   DB P, 2023 WL 2394154, at *2 (E.D. Cal. Feb. 1, 2023), *report and recommendation adopted*,

23   2023 WL 8004324 (E.D. Cal. Nov. 17, 2023) (concluding that Plaintiff did not meet the imminent

24   danger exception where "[t]here [was] nothing in the complaint that would indicate plaintiff was

25   under threat of imminent danger based on the excessive force incidents" alleged in the complaint

26   that purportedly occurred about two months before filing the complaint).

27

28

7

Because Plaintiff is a "three-striker" and was not in imminent danger when he filed this action, the Court will recommend that Plaintiff's IFP status be revoked and Plaintiff be required to pay the $405 filing fee in full if he wants to proceed with the action.

## IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, **IT IS RECOMMENDED** that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's *in forma pauperis* status be revoked.

2. Plaintiff be directed to pay the $405.00 filing fee in full if he wants to proceed with this action.

3. Plaintiff be advised that failure to pay the filing fee in full will result in the dismissal of this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 1, 2025**                    /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE