UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CRAMER,<br><br>        Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-1712-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS PENDING RESENTENCING;<br><br>AND DISMISSING THIS CASE PURSUANT TO RULE 41 BASED ON PLAINTIFF'S ALTERNATE REQUEST FOR DISMISSAL WITHOUT PREJUDICE<br><br>(ECF No. 15) |

    Plaintiff James Cramer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil action pursuant to 42 U.S.C. § 1983. On June 2, 2025, Plaintiff filed a request for a stay in proceedings pending resentencing with alternate dismissal without prejudice to refile at a later date. (ECF No. 15). Plaintiff requests the Court stay this action pending the outcome of the resentencing hearing in another case. Plaintiff also states, "In the alternate I request this Court dismiss the action without prejudice." (ECF NO. 15, at p. 1).

    For reasons stated below, the Court denies Plaintiff's motion to stay, but finds that Plaintiff's is entitled to dismiss his case without prejudice under Rule 41 of the Federal Rules of Civil Procedure without a court order. Thus, Plaintiff's alternate request for dismissal is effective and the Court will order the Clerk of the Court to close the case.

### I. BACKGROUND

Plaintiff filed the complaint commencing this action on December 13, 2023. (ECF No. 1). Plaintiff generally alleged that prison officials and staff violated his constitutional rights by temporarily imposing restrictions on Security Threat Groups Mexican Nationals, Northern Hispanics, and Southern Hispanics following a fight between Fresno Bulldog members and General Population prisoners at Corcoran State Prison's Substance Abuse Treatment Facility. (*See generally id.*).

On July 15, 2024, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims, and granted Plaintiff leave to file amended complaint. (ECF No. 10). Plaintiff then filed a First Amended Complaint ("FAC") on September 9, 2024. (ECF No. 13).

On May 1, 2025, the Court issued findings and recommendation, recommending that Plaintiff's IFP Status be revoked, and that Plaintiff be required to pay the filing fee in full if he wants to proceed with this action. (ECF No. 14). However, United States District Judge Kirk E. Sherriff declined to adopt the findings and recommendations and referred this matter back to the undersigned for further proceedings. (ECF No. 16 at 4-5).

### II. MOTION TO STAY PROCEEDINGS OR DISMISS CASE WITHOUT PREJUDICE

On June 2, 2025, the Court received Plaintiff's filing captioned "Plaintiff Requests a Stay in Proceedings Pending Resentencing in Case H046790 with an Alternative Dismissal without Prejudice to Refile at a Later Date." (ECF No. 15). In the motion, Plaintiff requests that the Court stay this action pending the outcome of his resentencing hearing in Case No. H046790. (*Id.*). Plaintiff seems to say that, if the resentencing hearing results in a favorable decision, he might be transferred back to Santa Clara County.

Plaintiff states that "[i]n alternative I request this Court dismiss the action without prejudice." (*Id.* at 1).

Plaintiff also attaches a signed document declaring that he served a copy of the motion on both the Court and the California Attorney General. (*Id.* at 3).

\\\
\\\

2

### III. ANALYSIS

District courts have broad discretion in deciding whether to stay a case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The moving party has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Here, Plaintiff has not adequately explained why the case should be stayed. Plaintiff states that he is having a resentencing hearing for Case No. H046790, but he does not explain how that is preventing him from moving forward with this case or how a stay would benefit either the parties or the Court.

Moreover, Plaintiff's claims in his First Amended Complaint do not concern his resentencing. (*See* ECF No. 13). In his FAC, Plaintiff alleges that prison officials engaged in misconduct that resulted in violence in the prison yard. Plaintiff further alleges that officials then placed the inmates on strict race-based lockdowns as a result of the incident. Nothing in Plaintiff's FAC concern resentencing. Therefore, it does not appear that the allegations in the complaint and the resentencing hearing—i.e. Plaintiff's main reason for seeking the stay—are related in a way that would justify staying this action pending Plaintiff's resentencing.

Plaintiff also has not provided an estimated transfer date, should he be moved from facilities. Thus, it is unclear how long this case would be stayed.

For these reasons, the Court finds Plaintiff has not met his burden to show that an indefinite stay pending the outcome of an unrelated resentencing decision is warranted, and the Court will deny Plaintiff's request for a stay.

### IV. REQUEST FOR VOLUNTARY DISMISSAL

Plaintiff's motion states "in the alternate I request this Court dismiss the action without prejudice." (ECF No. 15).

Under Rule 41(a)(1)(A)(i) of the Federal Rule of Civil Procedure, "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Voluntary dismissal under this rule grants a plaintiff an absolute right to dismiss without

3

prejudice, requires no action on the part of the court, and divests the court of jurisdiction upon the filing of the notice of voluntary dismissal. *See United States v. 475 Martin Lane*, 545 F.3d 1134, 1145 (9th Cir. 2008) (describing consequences of voluntary dismissals pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)).

In this case, Defendants have not served either an answer or a motion for summary judgment. Thus, Plaintiff's request of dismissal results in dismissal of this case without a court order pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

## V. CONCLUSION

Thus, **IT IS ORDERED** as follows:

1. Plaintiff's Request to Stay, as stated within ECF No. 15, is **DENIED.**
2. In light of the Plaintiff's alternate request that "this Court dismiss the action without prejudice," this action has been terminated, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), and has been dismissed without prejudice. *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).
3. The Clerk of Court is respectfully directed to close the case.

IT IS SO ORDERED.

Dated:   **July 18, 2025**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE